# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00219-CR

**Allison Scott Shaw, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 207TH DISTRICT COURT OF COMAL COUNTY
### NO. CR2013-598, THE HONORABLE R. BRUCE BOYER, JUDGE PRESIDING

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Appellant's brief was originally due July 11, 2018. On July 20, 2018, this Court sent a notice to appellant informing him that his brief was overdue and that a failure to file a satisfactory response by July 30, 2018, would result in the referral of this case to the trial court for a hearing under Rule 38.8(b) of the Texas Rules of Appellate Procedure.

The appeal is abated and remanded to the trial court. The trial court shall conduct a hearing to determine whether appellant desires to prosecute this appeal and, if so, whether counsel has abandoned this appeal. *See* Tex. R. App. P. 38.8(b)(2), (3). The court shall make appropriate written findings and recommendations. *See id.* R. 38.8(b)(2), (3). If necessary, the court shall appoint substitute counsel who will effectively represent appellant in this appeal.

When considering the necessity of the appointment of substitute counsel, we ask the trial court to take notice that this Court has had similar issues with this attorney, Eusebio "Chevo" Pastrano, in other cases in which he has been appointed as appellate counsel. For example, in *Martinez v. State*, No. 03-16-00529-CR, (CR2013-525, 207th Dist. Ct., Comal County, Tex., Boyer, J.), this Court abated the case twice for hearings under Rule 38.8 because of counsel's failure to timely file appellant's brief. At the second abatement hearing, on March 12, 2018, counsel represented to the trial court that he would file the brief by the end of that week (i.e., March 16, 2018). Despite that representation, after the second abatement, this Court had to send another late-brief notice, and counsel sought yet another extension of time. Appellant's brief in that case was originally due on January 9, 2017. Counsel finally filed an *Anders* brief on June 12, 2018—**519 days** after the original due date.

Counsel also represents the appellant in *Ellsworth v. State*, No. 03-17-00524-CR, (CR2016-318, 207th Dist. Ct., Comal County, Tex., Steel, J.). In that case, appellant's brief was originally due on December 6, 2017. After counsel failed to respond to an overdue-brief notice, we abated the case for a Rule 38.8 hearing. The trial court conducted a hearing on April 12, 2018. The transcript from the hearing reflects that counsel had assured the trial court that counsel had not abandoned the appeal and that he would be able to file a brief 30 days from the reinstatement of the case. The trial court made the findings required under Rule 38.8 and recommended that appellant's present counsel should not be removed and that this Court should reinstate the appeal and provide counsel 30 days from the date of reinstatement to file appellant's brief. On April 13, 2018, this Court reinstated the case and notified the parties that appellant's brief was due on May 14, 2018. Despite his representation to the trial court that he would be able to file a brief in 30 days, counsel again failed to file a brief by the deadline and then failed to

respond to another overdue-brief notice.  Accordingly, on July 30, 2018, we ordered appellant's counsel to file appellant's brief no later than August 29, 2018.  If counsel has not filed either a brief or a motion to dismiss that complies with Texas Rule of Appellate Procedure 42.2(a) by that date, counsel will be required to show cause why he should not be held in contempt of court. *See id.* R. 38.8(b)(4) ("Based on the trial court's record, the appellate court may act appropriately to ensure that appellant's rights are protected, including initiating contempt proceedings against counsel.").  To date, the brief has not been filed in that case.

Following the hearing in this case, which shall be transcribed, the trial court shall order the appropriate supplemental clerk's and reporter's records—including all findings and orders—to be prepared and forwarded to this Court no later than September 26, 2018.  *See id.* R. 38.8(b)(3).

It is so ordered August 28, 2018.


Before Justices Puryear, Goodwin, and Bourland

Abated and Remanded

Filed:  August 28, 2018

Do Not Publish